Nickie Kane,

            Plaintiff,

    v.

New York State Unified Court System, State of New York, Lawrence Knipel, Steven Montesano, Genine Edwards, Renee Williams, Trevonna Hepburn, Charles Smalls, Janet DiFiore, Rowan Wilson, Joseph A. Zayas, Eva Moy, Jane Doe, Kay-Ann Porter Campbell, Natalie Torres,

            Defendant(s).

-----------------------------------------------------X

**ORIGINAL**

25-CV-3595-RER-MMH

COMPLAINT

Jury trial demanded

REC'D IN PRO SE OFFICE
JUN 26 25 AM 11:44

    Plaintiff, Pro Se, Nickie Kane hereby alleges for their complaint as follows:

1. This case arises from the acts or omissions of the defendant(s). Plaintiff seeks relief from the defendants for violation of her rights secured by 42 U.S.C. § 1983, for the deprivation of rights, privileges, or immunities secured by the Constitution and federal laws. 42 U.S.C § 1985, for conspiracy to interfere with civil rights. Plaintiff seeks declaratory determination.

## PARTIES

2. Plaintiff Nickie Kane resides in Kings County, State of New York.

1

3. Defendant Lawrence Knipel "Knipel," is a Judge with the Supreme Court of New York, Kings County part of New York State Unified Court System located at 360 Adams Street Brooklyn, NY 11201.

4. Defendant Steven Montesano "Montesano," is a Law Clerk with the Supreme Court of New York, Kings County part of New York State Unified Court System located at 360 Adams Street Brooklyn, NY 11201.

5. Defendant Genine Edwards "Edwards," is a Judge with the Supreme Court of New York, Kings County part of New York State Unified Court System located at 360 Adams Street Brooklyn, NY 11201.

6. Defendant Renee Williams "Williams," is a Law Clerk with the Supreme Court of New York, Kings County part of New York State Unified Court System located at 360 Adams Street Brooklyn, NY 11201.

7. Defendant Trevonna Hepburn "Hepburn," is a Law Clerk with the Supreme Court of New York, Kings County part of New York State Unified Court System located at 360 Adams Street Brooklyn, NY 11201.

8. Defendant Charles Smalls "Smalls," is a Clerk with the Supreme Court of New York, Kings County part of New York State Unified Court System located at 360 Adams Street Brooklyn, NY 11201.

9. Defendant Janet DiFiore "DiFiore," is a Judge with the New York State Court of Appeals, Albany County part of New York State Unified Court System located at 20 Eagle Street Albany, NY 12207.

10. Defendant Rowan Wilson "Wilson," is a Judge with the New York State Court of Appeals, Albany County part of New York State Unified Court System located at 20 Eagle Street Albany, NY 12207.

11. Defendant Joseph A. Zayas "Zayas," is a Judge with the New York State Court of Appeals, Albany County part of New York State Unified Court System located at 20 Eagle Street Albany, NY 12207.

12. Defendant Eva Moy "Moy," is the Managing Inspector for Bias Matters with the Office of Court Administration, New York County part of New York State Unified Court System located at 25 Beaver Street New York, NY 10004.

13. Defendant Jane Doe "Doe," was the Inspector General with the Office of Court Administration, New York County part of New York State Unified Court System located at 25 Beaver Street New York, NY 10004.

14. Defendant Kay-Ann Porter Campbell "Campbell," is the Inspector General with the Office of Court Administration, New York County part of New York State Unified Court System located at 25 Beaver Street New York, NY 10004.

15. Defendant Natalie Torres "Torres," is the Discrimination Matters Ombudsperson with the Office of Court Administration, New York County part of New York State Unified Court System located at 25 Beaver Street New York, NY 10004.

## JURISDICTION

16. This case is brought pursuant to 42 U.S.C. § 1983, and 42 U.S.C § 1985.

17. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## VENUE

18. The venue is proper in the Eastern District of New York because the actions alleged in this Complaint occurred in this district.

## SUMMARY OF ACTION

The Plaintiff was subjected to discrimination, harassment, and retaliation. When the Plaintiff complained the administration of the court nothing was done. The Plaintiff then mentioned the harassment in a motion. Judge Lawrence Knipel he then placed a blanket administrative order across all of the Plaintiffs cases in the Supreme Court of New York, Kings County. The order was due to the Plaintiff Pro Se status. When the Plaintiff complained the order was modified and now require the Plaintiff to seek leave of the Administrative Judge before filing any new cases or engaging in motion practice. Each time the Plaintiff requested leave her request was denied. The Judge then refused to make an order of denial making it impossible for the Plaintiff to appeal the adverse decision. The Plaintiff has essentially been denied access to the court and denied the right to appeal any adverse decision.

## STATEMENT OF FACTS RELATED TO ALL CAUSES OF ACTIONS

19. The Plaintiff is a woman who suffers from Post-Traumatic Stress Disorder hereinafter "PTSD", generalized anxiety, social anxiety, and depression. The Plaintiff was assigned male at birth and transitioned to female in 2007 and since 2007 has identified as female. Plaintiff's identifications all bear her current name and gender.

20. Plaintiff has a disability and takes medication to treat her disability which makes it hard for her to sleep at night and be up early in the morning.

*INTRODUCTION*

21. On or about January 10, 2020 Plaintiff commenced cases in the Supreme Court of New York, Kings County. Shortly after the pandemic ensued and the state went into lock down.

22. Throughout this time Plaintiff repeatedly e-mailed the ex-parte office of the court. No one replied to the Plaintiff.

23. Plaintiff also during this time had surgery which made it difficult for her to speak. Plaintiff could only communicate by e-mail.

24. On or about December 30, 2020 Plaintiff contacted the court stating she was unable to speak.

25. In or about October 2021, after the pandemic slowed plaintiff went to the court to inquire about her filing. She was told that her cases were marked "abandoned".

26. Plaintiff requested her filings and proceeded to continue with her cases. Staff of the ex-parte office repeatedly denied the Plaintiffs filing and forged judge's signatures and initials.

27. Plaintiff indicated to staff that she intends to file a complaint regarding the courts failure to accommodate her disability. Plaintiff approached staff member Tamara and asked her for her name.

28. Tamara refused to provide her full name and began berating the Plaintiff for her disability. Tamara stated that plaintiff "refused to work and only wanted to sue people."

29. Plaintiff stated to Tamara, "watch how you speak to me." Tamara stated, "I can speak to you however I feel like." A heated verbal exchange ensued.

30. Plaintiff asked Tamara for the name of her supervisor. Who was identified as Clerk Smalls. Plaintiff left the ex-parte office and walked to the office of Mr. Small to file a complaint.

31. Tamara then called court security. Court security surrounded the Plaintiff. Plaintiff explained to the security that she will not tolerate disrespect from staff and was afraid for her safety.

32. Plaintiff requested that court security accompany her to the ex-parte office again so she could file her paperwork. Plaintiff filed her paperwork and left the court.

33. Prior to leaving plaintiff requested to speak to Mr. Smalls who refused and asked security to give Plaintiff his number.

34. Staff of the ex-parte office Tamara and Antionette continued to be hostile and aggressive with the Plaintiff. Repeatedly calling security on the Plaintiff when Plaintiff objected to harassment and disrespect from ex-parte office staff.

35. Plaintiff repeatedly experienced panic attacks due to the hostility of the staff.

36. Plaintiff filed numerous complaints with Clerk Small, Chief Judge DiFiore and Justice Knipel. Neither Clerk Smalls, Judge DiFiore, Judge Zayas, Inspector general, Managing Inspector General for Bias Matters, Discrimination Matters Ombudsperson, or Justice Knipel responded or contacted the Plaintiff.

37. The court made no attempt to accommodate the Plaintiff's disability.

38. Court staff repeatedly retaliated against plaintiff for her complaints. Some of Plaintiff's filings were not being submitted for judicial intervention/review. Plaintiffs filing continued to be denied by non-judicial staff who forged judge's signatures and initials.

39. After Plaintiff made the aforementioned allegation ex-parte office staff photo copied judges signatures and continued to deny filing under the guise of the judges.

40. When confronted staff sated this was allowed under the NY CPLR but could not site the section.

41. Staff of the ex-parte office did not file several motions submitted by the Plaintiff in or about February 2, 2022. Plaintiff's motions were either destroyed or disposed of.

42. Staff of the ex-parte office refused to help Plaintiff find her motions. When Plaintiff asked court staff for help resolving issues with her filings staff refused.

43. Plaintiff had to resubmit her motions in or about April 2022.

44. Courts self-help office is only open three days per week. There is no access to paperwork required to commence a case available on days they are closed.

45. In or about April 2022 Tamara made the rounds of the court bath mouthing the Plaintiff as racist to all black judicial support staff who are all women.

46. Plaintiff primarily was harassed by female staff of the court who are black. "Black female" is not a race but two distinct categories.

47. Tamara also disclosed to the judicial support staff that the Plaintiff is transgender.

48. Judge Wade and her staff member Turquois retaliated for complaints the Plaintiff made.

49. The plaintiff's complaints were primarily against two staff members of the ex-parte office. Both of whom are black women. Judge Wade and Turquois are black women.

50. Judge Wade and her clerk Turquois held an ex-parte motion for alternative service the Plaintiff submitted refusing to sign it until the Plaintiff appeared on camera for a video conference.

51. Then refused to accommodate a request for a later hearing time. Plaintiff's medication for PTSD made her drowsy in the mornings.

52. Judge Wade's staff was notified Plaintiff had a disability and could not attend the hearings very early in the morning. Staff still scheduled hearings in the morning and rescheduled hearings without speaking to the Plaintiff.

53. The Plaintiff did not confirm her attendance for a hearing which was rescheduled. Court still held the hearing.

54. When the plaintiff asked to have the hearing rescheduled Judge Wade refused and deposed the Plaintiff's case.

55. On or about April 22, 2022 Plaintiff called the chambers of Judge Velazquez and spoke to Shauntel a black female who confirmed what Plaintiff suspected all along. That the documents Plaintiff was filing with the ex-parte office was not being sent to the judges.

56. Shauntel also pretended to misgendered Plaintiff addressing her as "Sir." Plaintiff always suspected that part of the reason Tamara was harassing her was do to the Plaintiff being transgender.

57. Tamara was on the line listening but silent. However, Shauntel claimed that the call was being recorded

58. On or about April 26, 2022 Plaintiff went to the court and tried to speak to part Law Clerk Ms. Mimes but was met by Shauntel who reiterated that the Plaintiffs filing were not being sent to the judge.

59. Plaintiff submitted filing to the judges detailing the difficulties with staff and allegations of retaliation. The staff of the ex-parte office refused to send it to the judge stating that they "were short staffed."

60. On or about April 18, 2022 Plaintiff filed a claim with the New York State Court of Claims.

61. On or about April 27, 2022 Plaintiff contacted the Inspector General for the court but received no response.

62. On or about May 4, 2022 Plaintiff contacted the court help center regarding viewing the county clerk minutes so she would not have to travel to the court but staff provided no help. Plaintiff also asked other staff who would not provide clear instructions.

63. On or about May 4, 2022 Plaintiff re-filed a motion which included statements that accused court staff of denying it for discriminatory and retaliatory reasons. The court refused to process the motion Exhibit H.

64. On or about May 19, 2022 Justice Knipel retaliated for complaints made in a motion by the Plaintiff by barring Plaintiff from filing new cases with a poor person order Exhibit A. This order was filed across all the Plaintiffs cases some unrelated.

65. On or about May 5, 2022 Plaintiff filed requests to convert her cases to E-File in order to reduce the stress and harassment she experienced when submitting documents in person.

66. Court staff dragged their feet in processing this request and refused to reply to Plaintiffs e-mails regarding the status of these requests.

67. None of the Plaintiffs cases has been deemed to be without merit. The restriction is in retaliation for the Plaintiffs complaint.

68. On or about May 19, 2022 Justice Knipel denied Plaintiff's application to convert a case to e-file for "no service." The application a pre-printed form of the court states no

service will be made until after the application is signed. This was later deleted from the docket.

69. After the a complaint was filed with the Managing Inspector for Bias Matter, Inspector General, and Rowan Wilson Judge Knipel changed his order and filed a superseding order which directed the Plaintiff to seek leave of the administrative Judge in order to file new cases or engage in motion practice Exhibit B.

*DENIAL OF ACEES TO SUPREME COURTOF NY, KINGS COUNTY*

70. The Plaintiff has not dealt with any the Defendants in a judicial or quasi-judicial capacity.

71. The Plaintiff was accused of "vexatious litigation" after she was complained about the discriminatory treatment from staff of the Supreme Court of NY, Kings County.

72. Since this order by administrative judge of Supreme Court of NY, Kings County, Lawrence Knipel, the Plaintiff has represented herself in other branches of the Supreme Court of NY without incident of any accusations of "veracious litigation."

73. The Plaintiff was harassed do to her gender expression/identity. She made numerous complaints to the NYPD about harassment due to her gender expression and they refused to take a report. She was eventually assaulted by the people she complained about and suffered a fractured eye socket.

74. She was able to retain a lawyer. He did nothing in the case for years. After the Plaintiff complained he moved to be removed from the case. The Plaintiff moved to represent herself in the case.

75. When she filed a motion to amend the complaint she was unable to because Judge Lawrence Knipel refused to grant leave of his order. Suing someone for assault is not

"vexatious litigation." The Plaintiff was unable to appeal because the Judge refused issue an order of denial or sign the order and indicate denied.

76. The Plaintiff tried to obtain transcripts in the Civil Court of New York, Kings County but the court refused to provide them and repeatedly refused to sign her Order to Show Cause.

77. The Plaintiff then filed a Writ of Mandamus with the Supreme Court of Ny, Kings County in order to compel the Civil Court of New York, Kings County to rule on her motion. Judge Gennie Edwards the new administrative Judge refused to issue an order of denial or sign the order and indicate denied. Wanting to obtain transcripts to perfect an appeal is not "vexatious litigation."

78. The Plaintiff is a candidate for public office and filed an election related matter to intervene in a case. The administrative Judge Gennie Edwards refused to issued an order of denial or sign the order and indicate denied. Wanting to intervene in an election law matter where the Plaintiff is a candidate/objector is not "vexatious litigation."

79. Each time the Plaintiff requested leave of the order she communicated with the administrative staff of Judge Knipel Steven Montesano or Judge Edwards Renee Williams, Trevonna Hepburn who were rude and unhelpful. Sometimes they engaged in abusive verbal behavior or hanging up the phone, or refused to take the Plaintiffs call when they were called.

80. The Plaintiff has not been accused of "vexatious litigation" of filing frivolous lawsuits in any jurisdiction. The Supreme Court of New York, Kings County enabled and

condoned discrimination, harassment, and retaliation against the Plaintiff for complaining about gender expression/gender identity discrimination.

81. The administrative order placed by Lawrence Knipel and now being enforced by Genine Edwards essentially block the Plaintiff for taking any legal action in the city of New York for matter of law that fall within the Jurisdiction of the Supreme Court of New York, Kings County.

82. The order is unconstitutional among other violations and made in retaliation. Numerous complaints were filed and no action was taken to stop the ongoing violations by senior court staff.

83. The complaints asks for declaratory relief and no other relief.

### FIRST CAUSE OF ACTION NEGLIGENCE (COMMON LAW)

84. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

85. The Defendants failed to supervise the other defendants under their supervision.

86. The Defendants failed to investigate complaints.

### SECOND CAUSE OF ACTION VIOLATION OF 42 U.S.C. § 1983

87. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

88. The Defendants deprived the Plaintiff of her rights, privileges, or immunities secured by the Constitution and federal laws.

89. The defendants Deprived the Plaintiff of her right to due process under the Fourteenth Amendment, U.S. Const. amend. XIV, § 1.

90. The defendants Deprived the Plaintiff of her right to equal protection of the law under the Fourteenth Amendment, U.S. Const. amend. XIV, § 1

### THIRD CAUSE OF ACTION VIOLATION OF 42 U.S.C § 1985

1. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

91. The Defendants have conspired to interfere with the civil rights of the Plaintiff and deprived her of rights, privileges, or immunities secured by the Constitution and federal laws.

92. The Defendants conspired to deprive the Plaintiff of her right to due process under the Fourteenth Amendment, U.S. Const. amend. XIV, § 1.

93. The Defendants conspired to deprive the Plaintiff of her right to equal protection of the law under the Fourteenth Amendment, U.S. Const. amend. XIV, § 1

### FOURTH CAUSE OF ACTION VIOLATION OF 42 USCS § 12131

94. Plaintiff realleges the foregoing paragraphs as if set forth fully herein.

95. The Defendants failed to reasonably accommodate the Plaintiff.

96. This action only seeks declaratory relief.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a) A declaration that Defendants violated Plaintiff's rights in violation of 42 U.S.C. § 1983.

b) A declaration that Defendants violated Plaintiff's rights in violation of 42 U.S.C § 1985.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: Brooklyn, NY
June 25, 2025

Nickie Kane, Plaintiff, *pro se*
95-73 114th Street
South Richmond Hill, NY 11419
Ms.Nickie.Kane@gmail.com
786 440-8209

Administrative Chambers of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 16th day of May, 2022

PRESENT:

HON. LAWRENCE KNIPEL,
Administrative Judge

------------------------------X

NICKIE KANE,

        Plaintiff(s),

ZORA TUNG

------------------------------X

ADMINISTRATIVE ORDER

Index No.: 69/2022

    Nickie Kane has engaged in vexatious conduct and litigation. Accordingly, Nickie Kane shall not institute any new court actions with poor person applications, or make any further applications in existing cases, unless accompanied by a certificate of an attorney stating that the attorney has examined the action and believes there is merit to the moving party's contentions, in accordance with CPLR 1101(b).

    This directive includes any applications that have not yet been decided.

ENTER FORTHWITH,

J. S. C.

**HON. LAWRENCE KNIPEL
ADMINISTRATIVE JUDGE**

2022 MAY 19 AM 8: 34
KINGS COUNTY CLERK
FILED

At an I.A.S. Trial Term, Part ___ of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 9 day of July 2024

P R E S E N T
Hon. __Knipel__
        Justice

Kane
                    Plaintiff(s)
-against-  and other actions
Tung
                    Defendant(s)

Cal. No. 69/22 ✓
Index No. 183/20
56/22
507/21
506/21
523/20
522/20

The following papers numbered 1 to ___ read on this motion
Notice of Motion - Order to Show Cause
and Affidavits (Affirmations) Annexed _____
Answering Affidavit (Affirmation) _____
Reply Affidavit (Affirmation) _____
_____ Affidavit (Affirmation) _____
Pleadings- Exhibits _____
Stipulations - Minutes _____
Filed Papers _____

In light of the Administrative Order of this court dated 3/15/24 which barred Kane from further litigation (including motion practice) without leave of the Administrative Judge, Kane's application to convert to e-file is denied.

However, any application for such leave may be submitted by e-mail, and if granted, this court will then entertain an application to efile in that case.

For Clerks use only
MG _____
MD _____
Motion Seq. # _____

E N T E R

_____
J.S.C.
HON. LAWRENCE KNIPEL
ADMINISTRATIVE JUDGE

EJV-rev 1-23