UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 25-CV-3595 (RER) (MMH)

———————————

NICKIE KANE

VERSUS

NEW YORK STATE UNIFIED COURT SYSTEM; STATE OF NEW YORK;
LAWRENCE KNIPEL; STEVEN MONTESANO; GENINE EDWARDS;
RENEE WILLIAMS; TREVONNA HEPBURN; CHARLES SMALLS;
JANET DIFIORE; ROWAN WILSON; JOSEPH A. ZAYAS; EVA MOY;
JANE DOE; KAY-ANN PORTER CAMPBELL; NATALIE TORRES

———————————

**MEMORANDUM & ORDER**

———————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Nickie Kane brings this action for "prospective declaratory" relief against the New York State Unified Court System, the State of New York, court employees, judges and court clerks of the Kings County Civil Court, alleging violations of 42 U.S.C. §§ 1983, 1985, and 12131 *et seq.* (ECF No. 5 ("Amended Complaint") at ¶¶ 1, 103–105).[1] Plaintiff has also submitted two letters seeking a temporary injunction enjoining the enforcement of an administrative order issued in Kings County Supreme Court on March 15, 2024, which requires her to seek leave before filing new cases or motions in existing cases in that court. (ECF Nos. 6, 7).

---

[1] The Amended Complaint also asserts a common law negligence claim. (ECF No. 5 at ¶¶ 87-89).

After carefully reviewing the record, and for the reasons set forth herein, Plaintiff's motion to proceed *in forma pauperis* is granted, her motions for temporary injunctive relief are denied, and the Amended Complaint is dismissed.

## **BACKGROUND**

This is the third case in this Court in which Plaintiff, a disabled transgender woman, challenges the actions of judges and court staff in handling her various state court cases.

In *Kane v. State of New York, et al.*, No. 22-cv-3174 (RER) (LB), Kane alleged that judges and court staff retaliated against her for filing complaints, forged judicial signatures, did not file her motions to the docket, and discriminated against her by scheduling hearings when she could not attend due to her disability. (ECF No.1 at 6–9). On May 4, 2022, Kane re-filed a motion that included statements accusing court staff of previously denying that motion for discriminatory reasons. (*Id.* at 9). About two weeks later, Judge Lawerence Knipel, the Administrative Judge of Kings County Civil Court at the time, issued an order barring Kane "from filing new cases with a poor person order." (*Id.*) Kane requested that this Court vacate Judge Knipel's bar order. (*Id.* at 10). This Court dismissed the case and denied reconsideration. (ECF Nos. 5, 10). Kane's claims against New York state and the court system were dismissed on Eleventh Amendment immunity grounds, the Anti-Injunction Act barred her claim for this Court to vacate Judge Knipel's order, and the remaining defendants had absolute immunity from suit. (ECF No. 5 at 4–7). Kane has appealed this dismissal. (ECF No. 16).

In *Kane v. Malone, et al.*, No. 25-cv-0951 (RER) (LB), Kane alleged similar wrong doings as her prior case against similar defendants, this time related to a 2023 eviction proceeding against her in state court. (ECF No. 1 at 4–6). Kane claimed that court clerks

rejected and deleted numerous filings from the eviction docket, and that certain state court judges improperly denied her requests for relief and committed legal errors. (*Id.* at 1–6). Despite Judge Knipel's 2022 litigation bar, Kane continued to refile motions that the court repeatedly denied. (*Id.* at 5–6). This Court dismissed the case and denied reconsideration. (ECF Nos. 7, 10, 15). Absolute immunity barred Kane's claims. (ECF No. 7 at 4–6). Kane has appealed this dismissal. (ECF No. 22).

In the instant case, Kane resurrects her claims against many of the defendants in 22-cv-3174, names others, and again complains of discrimination, harassment, and retaliation by judges and court personnel. (ECF No. 5 at 4–13). She also challenges a March 2024 litigation bar issued by Judge Knipel that vacated and superseded the 2022 litigation bar, which requires her to seek leave to file from the administrative judge. (*Id.* at 15–16). Plaintiff argues that the litigation bar order "essentially block[s] the Plaintiff [from] taking any legal action in the city of New York for matter[s] of law that fall within the Jurisdiction of the Supreme Court of New York, Kings County." (*Id.* at 12). She further claims she "is a candidate for public office and filed an election related matter to intervene in a case," but she has not received any response. (*Id.* at 11). Notably, the only material difference from 22-cv-3174 is that here Kane seeks only prospective declaratory relief, as opposed to money damages and retrospective injunctive relief. (*Id.* at 12–13).

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d

3

57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

I.  Plaintiff's Request for a Temporary Injunction is Denied

The Court liberally construes Plaintiff's request for prospective injunctive relief as a request for a temporary restraining order against the enforcement of the litigation bar order issued in Kings County Civil Court, so that she may "file a motion to intervene in an election-related proceeding that directly affects the outcome of the race for City Council, in which I am a candidate." (ECF No. 7); *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("[T]he submissions of a *pro se* litigant must be . . . interpreted to raise the strongest arguments that they suggest.") (internal quotation marks omitted).

4

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). A plaintiff seeking a temporary restraining order or a preliminary injunction must generally prove that the same elements are satisfied: (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in plainitff's favor; and (3) that a preliminary injunction is in the public interest. *E.g., Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022); *Grayson v. Equifax Credit Info. Servs.*, 18-CV-6977 (MKB), 2019 WL 1862929, at *1 (E.D.N.Y. Apr. 24, 2019).

Plaintiff fails to show a likelihood of success on the merits because her request for injunctive relief is precluded by the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This provision applies when the requested injunction would either stay the ongoing state proceedings or prevent the parties from enforcing an order that has already issued. *See Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 294 (1970). Here, Plaintiff seeks injunctive relief for this Court to vacate the bar order issued in state court – to prevent the parties from enforcing an order that has already been issued. Plaintiff does not, however, allege any plausible facts to suggest that any of the exceptions to the Anti-Injunction Act's prohibition against federal-court intervention into state-court proceedings apply.

Although section 1983 actions may fall within the "except as expressly authorized by Act of Congress" exception, *see Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972),

5

Kane has not shown a likelihood of success on the merits or sufficiently serious questions going to the merits, and therefore is not entitled to injunctive relief under that exception. *See, e.g., Ram v. Lal*, 906 F. Supp. 2d 59, 71 (E.D.N.Y. 2012) ("[Whether] the 'except as expressly authorized by Act of Congress' exception . . . to the Anti-Injunction Act is applicable depends upon whether the . . . Plaintiffs have made out a cognizable Section 1983 claim.") (internal citation omitted).  Injunctive relief is unavailable to Kane under section 1983, which "provides that 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Feng Li v. Rabner*, 643 F. App'x 57, 59 (2d Cir. 2016) (quoting 42 U.S.C. § 1983).  The amended complaint is devoid of any allegation that defendants violated a declaratory decree.  (ECF No. 5 at 4–12).  Further, Kane does not contend that declaratory relief was unavailable to her in state court.  *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 484 (E.D.N.Y. 2015) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."), *aff'd*, 639 F. App'x 38 (2d Cir. 2016).  Indeed, Kane has already appealed Judge Knipel's litigation bar to the appropriate appellate court.  (ECF No.5 at 104).

Plaintiff's request for injunctive relief is therefore barred by the express provisions of section 2283.[2]  Accordingly, Plaintiff's request for a temporary restraining order is denied.

---

[2] To the extent Plaintiff is challenging any pending action in state court, her claims for injunctive relief must be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

6

II.  Kane's Claims Are Dismissed

As the Court held in 22-cv-3174, all of Kane's claims must be dismissed.

Plaintiff's claims against New York State and the New York State Unified Court System are barred by Eleventh Amendment immunity. E.g., *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009); *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *see also Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court System "is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity"). Therefore, Plaintiff's claims against these defendants are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff's claims against Judges Lawrence Knipel, Genine Edwards, Janet DiFiore, Rowan Wilson, and Joseph A. Zayas are dismissed because these defendants all have absolute judicial immunity for acts performed in their judicial capacities. *E.g.*, *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Burdick v. Town of Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018) (summary order) (("Judges acting in their judicial capacity are absolutely immune from suit, even where the plaintiff asserts constitutional violations under § 1983.") (citing *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009)); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016). Plaintiff fails to allege any facts to suggest that the actions taken by these judges were not taken within their judicial capacity or that any of the named judges acted in absence of their jurisdiction. *See Vasquez v. Napolitano*, No. 25-CV-432 (GRB) (JMW), 2025 WL 373464, at *2 (E.D.N.Y. Feb. 3, 2025). Therefore, Plaintiff's claims against these defendants are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

Likewise, Plaintiff's claims against court clerks Steven Montesano, Renee Williams, Trevonna Hepburn, and Charles Smalls must also be dismissed as they have absolute immunity. *Proctor v. Quinn*, No. 19-CV-833 (PKC) (LB), 2019 WL 692935, at *2

7

(E.D.N.Y. Feb. 19, 2019) (absolute immunity extends to court clerks who perform tasks "'which are judicial in nature and an integral part of the judicial process.'" (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)); *Pikulin v. Gonzalez*, No. 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (absolute judicial immunity extends to "the Clerk's Office activities of filing and docketing legal documents"); *Raghubir v. Cogan*, No. 21-CV-6705 (PKC), 2022 WL 1085298, at *3 (E.D.N.Y. Apr. 11, 2022) ("Clerk's Office staff members who allegedly refused Plaintiff's submissions are also absolutely immune from [suit]."); *Lewis v.* Wolfe, No. 21-CV-6949 (LTS), 2021 WL 4865317, at *2 (S.D.N.Y. Oct. 14, 2021) ("[C]ourt clerks 'are absolutely immune from suit for functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court.'" (quoting *Garcia v. Hebert*, No. 08-CV-0095 (DFM), 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013)) (citation modified). Thus, Plaintiff's claims against these defendants are foreclosed by absolute immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff also names Eva Moy, Managing Director for Bias Matters with the Office of Court Administration ("OCA"), former OCA Inspector General Jane Doe, OCA Inspector General Kay-Ann Porter Campbell, and OCA Discrimination Matters Ombudsperson Natalie Torres as defendants. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). A section 1983 claim that does not allege the defendant's personal involvement fails as a matter of law. *See Delee v. Hannigan*, 729 F. App'x 25, 31 (2d Cir. 2018); *Ward v. City of NY Mayor*, No. 23-CV-5237 (NRM) (LB), 2023 WL 5179630, at *2 (E.D.N.Y. Aug. 11, 2023); *Terry v. N.Y. City Dep't of Corr.*, No.

8

10 Civ. 6197 (RWS), 2012 WL 718555, at *2 (S.D.N.Y. Mar. 6, 2012). Here, the only facts asserted against these defendants are that Plaintiff submitted numerous complaints to the Inspector General and the Ombudsmen, and that she attempted to contact the Inspector General, but received no response. (ECF No. 5 at 6, 9). Plaintiff fails to allege any facts showing that any of these defendants were personally involved in the allegedly unconstitutional actions against her. Accordingly, Kane's claims against these defendants are dismissed.

## DENIAL OF LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once . . ..") (citation modified); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943 (DAL) (BDP) (ECL), 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## CONCLUSION

Accordingly, Plaintiff's request for a temporary restraining order is denied. The Amended Complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court declines to exercise supplemental jurisdiction. The Clerk of Court is respectfully directed to enter judgment, close this action, and mail a copy of this Order to Plaintiff, noting the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

   **/s/ Ramón E. Reyes, Jr.**

RAMÓN E. REYES, JR.
United States District Judge

Dated: August 26, 2025
      Brooklyn, NY