*** Filed *** 02:17 PM, 03 Sep, 2025 U.S.D.C., Eastern District of New York

Nickie Kane
95-73 114 Street
South Richmond Hill,
NY 11419
Ms.Nickie.Kane@gmail.com

VIA E-MAIL AND ECF
Hon. Ramon E. Reyes
United States District Judge
United States District Court - Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

August 26, 2025, Submitted August 26, 2025

Re: MOTION TO RECUSE

Case No.: 1:25-cv-03595-RER-MMH

Nickie Kane v. New York State Unified Court System et al

Dear Judge Reyes,

Plaintiff Nickie Kane, appearing pro se, respectfully moves for the recusal of the Honorable Judge Ramon E. Reyes from further proceedings in this matter pursuant to 28 U.S.C. §§ 144 and 455.

## INTRODUCTION

This motion is brought in good faith on the grounds that Judge Reyes has demonstrated a persistent pattern of bias and partiality through actions that have denied Plaintiff a fair and impartial hearing. The Court has obstructed Plaintiff's right of access to justice, refused to consider warranted declaratory and injunctive relief, and mischaracterized Plaintiff's claims. Recusal is necessary to preserve the integrity of these proceedings.

## FACTUAL BASIS

1. Two specific complaints were also submitted to the Chief Judge of this Court Margo K. Brodie regarding Judge Reyes's bias. Both were ignored, with no acknowledgement or response (Exhibits A ECF 8 and B ECF 11).
2. Despite these efforts, three separate cases brought before this Court were dismissed sua sponte by Judge Reyes without allowing Plaintiff the opportunity to be heard. "Though the district court has the power to dismiss a complaint sua sponte for failure to state a

claim on which relief can be granted, it may not properly do so without giving the plaintiff an opportunity to be heard." See, e.g., Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1988).
3. Judge Reyes has refused to consider requests for declaratory relief, even where such relief was warranted under law. Well-settled case law establishes that declaratory relief is obtainable even where judicial immunity would otherwise shield a judge from liability. "Moreover, judicial immunity does not bar a claim for prospective injunctive and declaratory relief." Shtrauch v. Dowd, 651 Fed. Appx. 72 (2016) quoting Cf. Pulliam v. Allen, 466 U.S. 522, 541-43, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984).
4. Judge Reyes has engaged in a pattern of bias by:
    - Delaying rulings despite a pending request for injunctive relief.
    - Intentionally misinterpreting controlling law.
    - Intentionally refusing to consider new information or evidence submitted by Plaintiff.
    - Falsely claiming that the requested injunction would halt an ongoing proceeding, when the relief requested was prospective in nature and sought only to prevent future violations of due process.
    - Misstating Plaintiff's intent, where Plaintiff merely sought assurance that she would not be denied access to the courts in the future.
    - Falsely claiming that the election law matter referenced in the injunction lacked merit, despite having no evidence or detailed information before the Court to justify such a conclusion.
5. It is well settled in case law that litigants cannot be denied access to the courts solely due to inability to pay costs and fees.
6. The Supreme Court of New York imposes additional restrictions on pro se litigants who cannot pay fees. They are required to file in paper and are denied access to the e-filing system, unlike paying litigants. This restriction creates a substantial financial burden, as each document must be served by a third party at approximately $120 per service, while electronic filing would permit automatic service at no cost.
7. Plaintiff, an indigent and self-represented litigant, filed a motion. It was denied without explanation.
8. Plaintiff sent more than a dozen letters to senior court administrators, including the Chief Judge Rowan Wilson and Chief Administrative Judge Joseph Zazas of the Unified Court System, with no acknowledgement or response.
9. Judge Reyes has compounded this injustice by refusing to grant a hearing where Plaintiff could explain these issues ECF 12, and instead dismissed three cases sua sponte. This is fundamentally an issue of fairness.
10. As a result, Plaintiff has been prevented from taking timely action in urgent, time-sensitive matters pending in the Supreme Court of New York. When seeking relief in federal court to stop these violations, Plaintiff has again been treated unfairly.
11. One consequence is that Plaintiff has been prevented from obtaining medical records for over five years due to these systemic and judicial barriers.
12. These actions are not isolated incidents but instead demonstrate an ongoing pattern of unconstitutional obstruction by the Unified Court System. Accordingly, the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), applies, and declaratory relief remains available against officials to prevent continuing violations of constitutional rights.

13. This case specifically arises from the conduct of the Supreme Court of New York, Kings County Administrative Judge, who has denied Plaintiff's motions and then refused to issue a written order. Without an order, Plaintiff cannot pursue appellate review. Plaintiff specifically requested that an order be issued so she could appeal, but the judge deliberately refused.

## *ARGUMENT*

14. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."
15. Under 28 U.S.C. § 144, recusal is required when a party demonstrates that the judge has exhibited "a personal bias or prejudice."
16. Judge Reyes's sua sponte dismissals of Plaintiff's cases, refusal to consider declaratory relief, delay in ruling on injunctions, refusal to consider evidence, mischaracterization of Plaintiff's claims, and dismissal of access-to-courts concerns arising from the Kings County Supreme Court demonstrate both actual bias and the appearance of bias.
17. The cumulative effect of these actions, together with the fact that formal complaints of bias submitted to the Chief Judge of this Court were ignored, would cause a reasonable person to question Judge Reyes's impartiality.

## *CONCLUSION*

**WHEREFORE**, For the foregoing reasons, Plaintiff respectfully requests that Judge Ramon E. Reyes recuse himself from further proceedings in this matter, and that the case be reassigned to another judge to ensure impartial adjudication and protect the integrity of the judicial process.

Respectfully submitted,

*[signature]*

Nickie Kane

Plaintiff, Pro Se