UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 25-CV-3595 (RER) (MMH)

———————————

NICKIE KANE

VERSUS

NEW YORK STATE UNIFIED COURT SYSTEM; STATE OF NEW YORK;
LAWRENCE KNIPEL; STEVEN MONTESANO; GENINE EDWARDS;
RENEE WILLIAMS; TREVONNA HEPBURN; CHARLES SMALLS;
JANET DIFIORE; ROWAN WILSON; JOSEPH A. ZAYAS; EVA MOY;
JANE DOE; KAY-ANN PORTER CAMPBELL; NATALIE TORRES

———————————

**MEMORANDUM & ORDER**

———————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Nickie Kane has filed a motion for recusal (ECF No. 13) and a motion for reconsideration (ECF No. 14) of the August 26, 2025, Order denying her motions for temporary injunctive relief and dismissing her amended complaint *sua sponte* (ECF No. 9 ("Order")). Familiarity with the facts and procedural history is presumed. Both motions are denied.

Recusal Motion

Ms. Kane seeks my recusal pursuant to 28 U.S.C. §§ 144[1] and 455. (ECF No. 13 at 1). The substantive standard for recusal under either statute is the same—"whether a

---

[1] 28 U.S.C. § 144 requires the movant to submit an affidavit. *Id.* ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient *affidavit* that the judge before whom the matter is pending has a personal bias or prejudice . . . against him . . . . The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .") (emphasis added). Ms. Kane has not done so and

reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir.1987). Ms. Kane has not demonstrated that a reasonable person, knowing all the facts, would conclude that my impartiality might reasonably be questioned.

Putting aside Ms. Kane's mischaracterization of some of my rulings and the relevant law, the "facts" she points to as evidence of my bias or prejudice against her all relate to my rulings in the current and prior cases. (ECF No. 13 at 2 ("Factual Basis", ¶ 4)). The Court of Appeals for the Second Circuit has observed, however, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007). To be disqualifying, the alleged bias and partiality "must stem from *an extrajudicial source* and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (emphasis added) (citing *Berger v. United States*, 255 U.S. 22, 31 (1921)); *see also Garofalo v. Gravano*, 23 F. Supp. 2d 279, 285 (E.D.N.Y. 1998) ("[B]ias and prejudice that is alleged to be disqualifying must come from an extrajudicial source."). Ms. Kane has not stated any extrajudicial sources that support her argument that I am biased or prejudiced against her. To the extent Ms. Kane perceives my rulings to be incorrect or improper, that may be grounds for appeal, but not for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Accordingly, Ms. Kane's recusal motion is denied.

---

has submitted only an unsworn letter motion. (ECF No. 13). Her motion then, at least with respect to 28 U.S.C. § 144, is procedurally improper.

Reconsideration

Ms. Kane seeks reconsideration of my August 26, 2025, Order under Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e) and 60(b). (ECF No. 14 at 1). The standards governing motions for reconsideration are the same under Local Civil Rule 6.3 and Rules 59(e) and 60(b). *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. Yudong Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (citation omitted). The standard is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration may not be used as a vehicle for relitigating issues already decided, securing a rehearing on the merits, or taking a second bite at the apple. *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022); *Ferreira v. Stern*, No. 22-CV-2182 (JMA), 2023 WL 2787631, at *4 (E.D.N.Y. Apr. 4, 2023). Whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Ms. Kane's motion is predicated on the contention that I "assumed that this case was substantially related to a separate prior case [she] filed . . . in this District . . . involv[ing] alleged due process violations by judges of the Civil Court of the City of New York, Kings County, arising from proceedings in housing court." (ECF No. 14

3

at ¶ 2). Ms. Kane argues further that "[i]t is apparent from the language of the [Order] that [I] conflated the facts and procedural posture of the prior case with those at issue here [and i]n doing so . . . incorrectly applied legal conclusions from one case to another, which involves an entirely different set of events and judicial actors." (*Id.* at ¶ 5). Ms. Kane's arguments are misplaced.

First, there was no assumption that this case was "substantially related" to any other case. While the Court referred to two of Ms. Kane's prior cases in the "Background" section of the Order it was merely to show that "[t]his is the third case in this Court in which [she] . . . challenges the actions of judges and court staff in handling her various state court cases." (Order at 2). The two prior cases were dismissed for many of the same reasons this case was dismissed. (*Id.* at 2–3). Second, the Court did not conflate the facts or procedural posture of the prior case, or cases, with this case. Indeed, when discussing the substance of this case, both with respect to Ms. Kane's motions for temporary injunctive relief and the Court's *sua sponte* dismissal of the amended complaint, the Court did not refer to either of the two prior cases, let alone conflate them. (*Id.* at 4–9). Rather, the Court adjudicated this case on its own facts and "posture."[2]

---

[2] Any argument that the Court conflated Ms. Kane's cases because it began its discussion of the *sua sponte* dismissal with "[a]s the Court held in 22-cv-3174, all of Kane's claims must be dismissed" is specious. The fact remains that the claims in this case were dismissed separately and independently for the same legal reasons that the claims in 22-cv-3174 were dismissed—Eleventh Amendment immunity; absolute judicial immunity; absolute immunity—in addition to lack of proof of personal involvement. The Court acknowledges, however, one error in the discussion of Ms. Kane's requests for temporary injunctive relief—the reference to "the litigation bar order issued in Kings County Civil Court." (*Id.* at 4). The reference should have read "the litigation bar orders issued in Kings County Supreme Court." (See ECF Nos. 6 and 7). This error is immaterial as the reasons for denying temporary injunctive relief remain the same.

4

## **CONCLUSION**

For the reasons set forth above, Ms. Kane's motions for recusal and for reconsideration are denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

   **/s/ Ramón E. Reyes, Jr.**
RAMÓN E. REYES, JR.
United States District Judge

Dated: September 15, 2025
       Brooklyn, New York